1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   LONNIE SLEMP,                    ) Case No. ED CV 10-0830 JCG
                                      )
12              Plaintiff,            )
                                      )
13        v.                          )
                                      ) **MEMORANDUM OPINION AND**
14   MICHAEL J. ASTRUE,               ) **ORDER**
     COMMISSIONER OF SOCIAL           )
15   SECURITY ADMINISTRATION,         )
                                      )
16                                    )
                                      )
17              Defendant.            )
                                      )
18   _____

19                             **I.**

20              **INTRODUCTION AND SUMMARY**

21        On June 14, 2010, plaintiff Lonnie Slemp ("Plaintiff") filed a complaint

22   against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social

23   Security Administration, seeking review of a denial of disability insurance benefits

24   ("DIB") and supplemental security income benefits ("SSI").  [Docket No. 3.]

25        On December 10, 2010, Defendant filed his answer, along with a certified

26   copy of the administrative record.  [Docket Nos. 12, 13.]

27        In sum, having carefully studied, *inter alia*, the parties' joint stipulation and

28   the administrative record, the Court concludes that, as detailed below, the

Administrative Law Judge ("ALJ") improperly evaluated the opinion of Plaintiff's treating physician. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 48 years old on the date of his administrative hearing, has completed the eleventh grade. (*See* Administrative Record ("AR") at 16, 76, 93.)

On October 16, 2006, Plaintiff filed for DIB and SSI, alleging that he has been disabled since July 1, 2004 due to Crohn's disease. (*See* AR at 9, 38, 43, 76.)

On July 30, 2008, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 16-30.)

On August 29, 2008, the ALJ denied Plaintiff's request for benefits. (AR at 9-15.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (*Id.* at 11.)

At step two, the ALJ found that Plaintiff suffers from a severe impairment of the "gastrointestinal system." (AR at 11 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairment, either individually or in combination, met or medically equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 12.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the

determined that he can perform medium work. (AR at 12.)  Specifically, the ALJ found that Plaintiff "is precluded from climbing ladders, ropes and scaffolds; and should not work with hazardous machinery or at unprotected heights."  (*Id.* (emphasis omitted).)

The ALJ found, at step four, that Plaintiff retained the ability to perform his past relevant work as a general laborer.  (AR at 14.)  Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act.  (*Id.* at 9, 15.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council.  (AR at 1-3, 5.)  The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a

---

ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

3

conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## <u>ISSUES PRESENTED</u>

Two disputed issues are presented for decision here:

1.      whether the ALJ properly evaluated Plaintiff's left shoulder condition, (*see* Joint Stip. at 3-6, 11-13); and

2.      whether the ALJ failed to properly assess Plaintiff's ability to perform his past relevant work. (*Id.* at 13-14, 16.)

Under the circumstances here, the Court finds the issue of the ALJ's evaluation of Plaintiff's left shoulder condition to be dispositive of this matter, and does not reach the remaining issue.

## V.

## <u>DISCUSSION AND ANALYSIS</u>

A. <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ "failed to develop the record" and "erred in finding that [Plaintiff's shoulder] condition did not constitute a severe impairment at Step Two." (Joint Stip. at 5.) Plaintiff contends that the ALJ failed to properly assess his left shoulder condition despite the fact that Plaintiff's treating physician Martha Melendez, M.D. ("Dr. Melendez") diagnosed him with "either a shoulder

4

impingement or . . . a 'frozen' shoulder," both of which are severe impairments. (*Id.* at 3-4.)

1.   The ALJ Must Provide Specific and Legitimate Reasons
     Supported by Substantial Evidence to Reject a Treating
     Physician's Opinion

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians:

(1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and

(3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons.") (italics in original).

"Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons

5

supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

## 2. The ALJ Improperly Evaluated Dr. Melendez's opinion

Having carefully reviewed the record and the joint stipulation, the Court is persuaded that the ALJ's assessment of Dr. Melendez's opinion regarding Plaintiff's left shoulder impairment is not legally sufficient and/or supported by substantial evidence. Two reasons guide this Court's determination.

First, the Court disagrees with the ALJ's conclusion that "[t]here is no evidence that [Plaintiff's left shoulder impairment] will not resolve quickly with physical therapy and medications." (AR at 11.) On April 21, 2008, Dr. Melendez found that Plaintiff "is unable to abduct [his] shoulder past about [a] 90-degree angle." (*Id.* at 366.) Dr. Melendez prescribed physical therapy and ordered "an MRI of the left shoulder" for further assessment. (*Id.*) Dr. Melendez noted that Plaintiff "has plenty of pain medicine, but his shoulder is still bothering him." (*Id.*)

On July 30, 2008, at the administrative hearing, Plaintiff testified that his "left shoulder is in pain" and he "can't extend [his] arm . . . over [his] head." (AR at 20.) Plaintiff explained that he has "had the problems with [his shoulder]" for "[a]bout a year now[.]" (*Id.*) He indicated that he "had an accident a few years back and in the accident, [his] whole left side hit the center part of the car." (*Id.* at 26.) Plaintiff further testified that he has been "homeless" for "[p]robably two years or longer" and "live[s] in a tent" in Santa Ana. (*Id.* at 26-27; *see also id.* at 95 (Plaintiff indicating he "live[s] in a tent next to the Redlands airport in Redlands Wash"), 338 (Plaintiff unable to receive treatment for Crohn's disease "because he is homeless [and] is unable to arrange for transportation and be able to take the preparation or [to

6

be on time] at the hospital by 7 a.m.").)

Accordingly, the Court finds that the ALJ's paraphrasing of Dr. Melendez's opinion is not entirely accurate. *See Reddick*, 157 F.3d at 722-23 ("[T]he ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record."). The record does not indicate that Plaintiff's left shoulder impairment will "resolve quickly." (AR at 11.)

Instead, no evidence in the record conclusively establishes the restrictions caused by Plaintiff's shoulder impairment.[3] Thus, the ALJ had a duty to develop the record. *See* 20 C.F.R. §§ 404.1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.") & 416.912(e)(1) (same); *see also Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992, *as amended* Sept. 17, 1992) (*per curiam*) (Although it is plaintiff's burden to provide sufficient evidence of entitlement of benefits, it has "long [been] recognized that the ALJ is not a mere umpire at [an administrative hearing], but has an independent duty to fully develop the record[.]").

Further, the ALJ erred because he has, in effect, improperly substituted his own interpretation of the evidence without setting forth sufficient authority or medical evidence to support his interpretation. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ may not substitute his own interpretation of the medical evidence for the opinion of medical professionals); *Banks v. Barnhart*, 434

_____

[3] To the extent the ALJ rejected Dr. Melendez's opinion because "there is no firm diagnosis," (AR at 11), the Court finds that the ALJ had a duty to develop the record as discussed below. Dr. Melendez diagnosed Plaintiff with "[l]eft shoulder impingement versus frozen shoulder syndrome." (*Id.* at 366.)

7

F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings.") (internal quotation marks, alterations and citations omitted). Here, there was insufficient evidence for the ALJ to determine whether Plaintiff's shoulder impairment would "resolve quickly." (AR at 11.) As explained above, Dr. Melendez ordered an MRI for further assessment of Plaintiff's left shoulder impairment and noted that Plaintiff's complaints were not resolved with "plenty of pain medicine."[4] (*Id.* at 366.)

Second, Defendant argues that "the ALJ reasonably relied on the findings and opinion of consultative examining internist [Sean S. To, M.D. ("Dr. To")] as indicating that Plaintiff did not have a severe left shoulder condition or a disability." (Joint Stip. at 9.) The Court's review is limited to the reasons *actually cited* by the ALJ in his decision, specifically, in assessing Dr. Melendez's opinion. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). However, the ALJ did not explicitly rely on Dr. To's opinion in evaluating Dr. Melendez's opinion.

In any event, to the extent the ALJ relied on Dr. To's opinion in finding that Plaintiff does not suffer from any left shoulder restrictions, the ALJ's decision is undermined because Dr. To formed his conclusions prior to the onset of Plaintiff's

---

[4] Moreover, the Court notes that Plaintiff had difficulty receiving treatment for Crohn's disease because he is homeless. (AR at 26-27, 338); *cf. Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("We certainly agree with all the other circuits that a disabled claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment."). It is unclear from the record whether Plaintiff has been able to receive consistent or followup treatment for his shoulder impairment.

shoulder impairment. Dr. To conducted a complete internal medicine evaluation of Plaintiff on March 26, 2007. (*See* AR at 320-24.) Dr. To found the range of motion in Plaintiff's shoulders and upper extremities were "grossly normal bilaterally." (*Id.* at 322.) However, on April 21, 2008, Dr. Melendez found Plaintiff was "unable to abduct [his] shoulder past about [a] 90-degree angle." (*Id.* at 366.) On July 30, 2008, Plaintiff testified that he had been experiencing problems with his shoulder for "[a]bout a year now[.]" (*Id.* at 16, 20.) Thus, any reliance on Dr. To's opinion is not supported by substantial evidence.

## VI.

## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ failed to properly evaluate Dr. Melendez's opinion.

Because the Court concludes that the ALJ erred in assessing Dr. Melendez's opinion and failed to fully and fairly develop the record, it does not reach Plaintiff's remaining contention. (*See* Joint Stip. at 13-14, 16.) Whether Plaintiff is capable of performing his past relevant work depends on RFC findings, which are reviewed in light of the record as a whole. *See Hayes v. Astrue*, 270 Fed.Appx. 502, 505 (9th

Cir. 2008).  Accordingly, on remand, the ALJ shall assume that Plaintiff's left shoulder impairment is severe.  In addition, the ALJ shall obtain additional information and clarification regarding Plaintiff's functional limitations with respect to his shoulder impairment.  The ALJ must then consider Plaintiff's shoulder impairment in assessing his RFC.  The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: May 6, 2011                           _____

                                                        Hon. Jay C. Gandhi
                                                  United States Magistrate Judge